On Rehearing.
PROYÓ STY, J.
[3] On reconsideration of the facts of this case we adhere to the view that the car of the defendant company should! have been stopped in time to avoid the acci *1017 dent, and that the driver of the automobile also was negligent; but Miss Cuneo was a guest in the automobile, not charged with its management, and therefore not participating in the negligence of the driver. Peterson v. N. O. Ry. & L. Co., 142 La. 835, 77 South. 647; Broussard v. La. West. R. Co., 140 La. 517, 73 South. 606; Luke v. Morgan’s La. & T. R. & S. S. Co., 84 South. 483.[1] she is therefore entitled to recover.
[4] The automobile turned over, and plaintiff was pinned under it. Her collar bone was broken, and she was bruised on her arm and leg. From April to August she was incapacitated by the injury from plying her vocation of a seamstress. She could easily have earned in that time, she says, $100, and was offered work for far more than that. The shock and the pain she suffered have to be taken into consideration. She was put to an expense of $86.50 in physicians’ bills, etc. We think the amount of .$750, allowed her below, should be increased to $1,000.
It is therefore ordered, adjudged, and decreed that the- judgment appealed from, in favor of Miss Florence Cuneo be increased to $1,000, and that, as thus amended, it be affirmed, and that the defendant railway company pay one half of the costs .of the appeal; the other half are to be,paid by the plaintiff Rev. Edmond Daull.

 Ante, p. 30.